UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:11-cr-607-T-23TGW
   8:13-cv-336-T-23TGW

FRANCISCO ALBERTO
  HENAO-CHAVERRA
                                          /

**O R D E R**

Henao's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy to possess with the intent to distribute cocaine while aboard a vessel, for which offense he is imprisoned for 108 months. Henao was convicted and sentenced under the terms of the plea agreement that is standard in this district.

The motion to vacate asserts one claim of trial court error and three claims of ineffective assistance of counsel. Relying on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), in ground one Henao challenges the constitutionality of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, and contests the district court's subject matter jurisdiction over his illegal drug activities. Ground two alleges that, based on the applicability of *Hurtado*, trial counsel rendered ineffective assistance. In ground three Henao alleges that trial

counsel rendered ineffective assistance by not appealing. The supporting memorandum asserts a fourth claim, mistakenly enumerated as "claim three," in which Henao alleges that counsel rendered ineffective assistance by not coordinating with the United States Attorney's Office for the Southern District of Florida. Each ground lacks merit.

**Failure to Appeal:**

Henao alleges in ground three that defense counsel failed to consult with him about whether to appeal. Because Henao's former defense counsel disputes the claim (Doc. 6), an earlier order (Doc. 8) refers the issue to the United States Magistrate Judge to conduct an evidentiary hearing to determine whether Henao-Chaverra is entitled to a delayed appeal. *See McIver v. United States*, 307 F.3d 1327, 1331, n.2 (11th Cir. 2002) (whether the movant is entitled to a delayed appeal warrants resolution before the other claims are addressed). Magistrate Judge Thomas G. Wilson appointed counsel to represent Henao, conducted an evidentiary hearing, and issued his report (Doc. 12 at 1), which contains the following recommendation:

> Based on the evidence presented at the hearing on this matter, I find that the defendant's former defense counsel consulted with the defendant about an appeal, but that the defendant did not ask the attorney to file an appeal. Consequently, I recommend that the defendant's request for a delayed appeal be denied.

Neither party objects to the recommendation. Having independently examined the file and reviewed the report and recommendation, the report is adopted, confirmed, and incorporated by reference into this order. As a consequence, Henao is entitled to

- 2 -

no relief under ground three based on the allegation that trial counsel failed to appeal.

**MDLEA:**

In the plea agreement Henao admits the following facts (Doc. 42 at 15–16):

> During November of 2011 the Defendant was a knowing and willing participant in a drug trafficking conspiracy involving the maritime smuggling of a multi-hundred kilogram cocaine shipment in the Caribbean Sea, while on board a vessel subject to the jurisdiction of the United States.
>
> During the evening hours of November 20, 2011, the United States Coast Guard observed the Panamanian-registered fishing vessel (F/V) Alan Almirant traveling off the coast of Costa Rica in the Caribbean Sea. The F/V Alan Almirant was traveling without any navigation lights and was flying the Nicaraguan flag. The Coast Guard made radio contact with the master-captain of the F/V Alan Almirant, who acknowledged that the vessel was registered in Panama.
>
> Thereafter, the Coast Guard boarded the F/V Alan Almirant and the persons on board were . . . (D) Francisco Alberto Henoa Chaverra . . . . The Coast Guard boarding observed burlap sacks visible underneath a small layer of fish in the cargo hold. The boarding team reported that the burlap sacks found underneath the fish in the cargo hold were full of kilogram size packages of cocaine wrapped in layers of tape and rubber. The boarding team also discovered an additional eighteen (18) bales of cocaine in the forward bait hold. The Coast Guard seized a total of thirty-seven (37) bales of cocaine from the F/V Alan Almirant.
>
> Before the Coast Guard interdiction described above, the F/V Alan Almirant met with another boat on the high seas that was transporting the bales of cocaine. Thereafter, the persons on board the F/V Alan Almirant received the bales of cocaine and concealed them in the locations described above. The bales of cocaine were to be transported by the persons on board the F/V Alan Almirant and delivered to other persons. All of the persons on board the F/V Alan Almirant, including the Defendant, knew before leaving port that they were going to

> participate in a drug smuggling venture and were to be paid for their involvement in the drug venture.
>
> The Government of Panama provided consent to the exercise of jurisdiction by the United States with respect to the F/V Alan Almirant, its non-Panamanian crew and the contraband seized from the vessel. Therefore, the F/V Alan Almirant and all persons on board, including the Defendant, were subject to the jurisdiction of the United States.

Henao contends in grounds one and two that, under the holding in *Hurtado*, the MDLEA fails to extend jurisdiction to his activity in the Caribbean Sea. *Hurtado* is factually distinguishable. Henao was convicted of violating the MDLEA, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248–49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant — the Offences Clause — as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejects the argument that the "Offences Clause" authorizes the MDLEA to control drug activity that occurs within a foreign nation's territorial water. "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable to Henao because his vessel was in international water and not a nation's territorial water. "International water" is all area beyond twelve miles from land. *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003). Documentation from the Coast Guard (Doc. 6-1 at 3) shows that Henao's vessel was interdicted "approximately 82 nautical miles southeast of San Andres Island, Columbia, in international water." Because Henao was not within a nation's territorial water, *Hurtado* is inapplicable, and this inapplicability precludes relief under both grounds one and two.

**Conclusory Allegation:**

Henao motion to vacate asserts the above three grounds for relief. In his supporting memorandum (Doc. 1 at 26) Henao asserts a claim, mistakenly enumerated as "claim three," in which Henao alleges that counsel rendered ineffective assistance by not coordinating with the United States Attorney's Office for the Southern District of Florida regarding his eligibility for a downward departure. Henao again argues for the applicability of *Hurtado* but explains neither a connection to his entitlement to a downward departure at sentencing nor the relevancy of the

United States Attorney's Office for the Southern District of Florida. The United States opposes this claim as an unsupported, conclusory allegation. (Doc. 6 at 17) Henao omits any reference to this claim in his reply. (Doc. 7) Henao fails to show entitlement to relief under this claim.

Accordingly, the magistrate judge's report and recommendation (Doc. 12) is adopted, confirmed, and incorporated by reference into this order without objection. The motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk must enter a judgment against Henao and close this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Henao is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Henao must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Henao is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Henao must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 24, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE